**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| **JOSUE CAMPOS-CONRRADA,**  )  <br>     ID # 44261-177          )  <br>          Petitioner,         )  <br> vs.                           )   No. 3:12-CV-4190-N (BH)  <br>                               )  <br> **RICK THALER, Director,**   )   Referred to U.S. Magistrate Judge  <br> **Texas Department of Criminal** )  <br> **Justice, Correctional Institutions Division,** ) <br>          Respondent.        )  | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order* 3-251, this case has been automatically referred for findings, conclusions, and recommendation. Based on the relevant filings and applicable law, the habeas corpus petition should be **DISMISSED** for lack of subject matter jurisdiction.

**I.  BACKGROUND**

On October 17, 2012, petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging his conviction for robbery in cause number F-0953851 in Dallas County, Texas. Respondent is Rick Thaler, Director of TDCJ-CID.

On July 29, 2009, petitioner pled guilty to a robbery committed on April 16, 2009, and was sentenced to two years imprisonment. (Pet. at 1, *see also* www.dallascounty.org, Cause No. F-0953851). He did not file an appeal or any state habeas application challenging this conviction. He concedes that this sentence was discharged prior to the filing of his federal petition. (Pet. at 2).

On March 20, 2012, petitioner was indicted for illegal re-entry by a previously-removed alien in violation of 8 U.S.C. § 1326(a), (b)(2). *See United States v. Campos-Conrrada*, No. 3:12-cr-089-M (N.D. Tex.), doc. 1. He pled guilty to this offense and signed a factual resume acknowledging that he had been removed from the United States on April 19, 2011, and was found in the United

States without consent for him to be here on February 12, 2012. (*Id.*, doc. 12). On October 3, 2012, petitioner was sentenced to forty-six months imprisonment. *See United States v. Campos-Conrrada*, No. 3:12-cr-089-M (N.D. Oct. 3, 2012). The presentence investigation report (PSR) in that case reflects that petitioner was originally removed on April 19, 2011, based on the state court conviction that he is currently challenging. (PSR, ¶ 11).

Petitioner now claims that his state trial counsel was ineffective because he failed to advise petitioner that his guilty plea would result in his deportation in violation of *Padilla v. Kentucky*, 30 S.Ct. 1473 (2010); he failed to challenge false statements in the judicial confession and the police report; and he failed to properly investigate the case. (Pet. at 2-3.).[1]

## II. JURISDICTION

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). They "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). They have "a continuing obligation to examine the basis for jurisdiction." *See MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990).

Federal district courts have jurisdiction to entertain petitions for writs of habeas corpus challenging state court convictions only from persons who are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3) and § 2254(a). The

---

[1] Because petitioner specifically titles his petition as arising under § 2254, names the TDCJ-CID Director as respondent, and challenges his state court conviction, his petition is not construed as arising under § 2255 based on his request for modification of his current federal sentence. (*See* Pet. at 1.).

"in custody" requirement is a jurisdictional prerequisite, and a petitioner must be in custody at the time the petition is filed for a federal district court to have jurisdiction over either a § 2254 or a § 2241 petition. *Maleng v. Cook*, 490 U.S. 488, 490 (1989); *see also Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987). Generally, the "in custody" requirement is satisfied when the sentence for the challenged conviction has not fully expired at the time the petitioner files a petition under § 2254. *See Carafas v. Lavallee*, 391 U.S. 234, 238 (1968). While actual physical detention is not required to meet the custody requirement, there must be some restraint on the liberty of a person. *Jones v. Cunningham*, 371 U.S. 236 (1963). In *Maleng*, the Supreme Court held that "once the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." 490 U.S. at 492.

Here, petitioner's state court sentence has been discharged, and he is currently in federal prison because of a subsequent offense. Although his state court conviction for robbery resulted in his deportation, which was the basis for his subsequent illegal re-entry conviction, deportation is a collateral consequence that does not render a person "in custody" for federal habeas purposes. *See United States v. Castro*, 26 F.3d 557, 559 n. 3, 561 n. 8 (5th Cir. 1994).[2] The fact that petitioner was deported as a result of this conviction is not a sufficient restriction on his liberty to meet the "in custody" requirement of § 2254(a). Because he has fully discharged the state sentence imposed on

---

[2] While a petitioner can challenge collateral consequences of a federal conviction after his sentence is discharged through a writ of *coram nobis*, such a writ must be filed in the convicting court. *See Sinclair v. State of Louisiana*, 679 F.2d 513, 514 (5th Cir. 1982); *Cardenas v. Quarterman*, 2007 WL 3101746, * 1, n. 1(N.D. Tex. Oct. 23, 2007); *Anders v. Quarterman*, 2006 WL 1946398, *1, n. 2(N.D. Tex. July 13, 2006). The petition in this case therefore cannot be construed as a writ of *coram nobis* challenging the collateral consequences of his state court conviction.

him, petitioner's habeas petition should be dismissed for lack of subject matter jurisdiction.[3]

### III. RECOMMENDATION

The request for habeas corpus relief pursuant to 28 U.S.C. § 2254 should be **DISMISSED** for lack of subject matter jurisdiction.

**SO RECOMMENDED on this 23rd day of October, 2012.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[3] Even if the Court had jurisdiction over petitioner's habeas petition, his claim that his attorney violated *Padilla v. Kentucky* by failing to advise him that he would be subject to automatic deportation as a result of a guilty plea is without merit. In *Teague v. Lane*, 489 U.S. 288, 299-316 (1989), the Supreme Court held that new constitutional rules of criminal procedure are generally inapplicable to convictions that became final before the rule was announced. Because petitioner pled guilty in July of 2009, and did not appeal his conviction, it became final before *Padilla* was handed down on March 31, 2010. The Fifth Circuit has recently specifically held that *Padilla* announced a new rule within the meaning of *Teague* and therefore does not apply retroactively and may not serve as the basis for a collateral challenge to a final conviction. *United States v. Amer*, 681 F.3d 211, 213-14 (5th Cir. 2012). The Supreme Court has granted certiorari in a Seventh Case that also found that the rule announced in *Padilla* is not retroactive. *See Chaidez v. United States*, 655 F.3d 685 (7th Cir. 2011), *cert. granted*, 132 S.Ct. 2101 (Apr. 30, 2012). Nevertheless, in the Fifth Circuit, petitioner's attorney's performance is judged under its pre-*Padilla* holding that the Sixth Amendment right to counsel did not impose any duty to advise a client of the immigration consequences of pleading guilty. *See Santos-Sanchez v. United States*, 548 F.3d 327, 336-37 (5th Cir. 2008); *United States v. Banda*, 1 F.3d 354, 356 (5th Cir. 1993). Finally, all of petitioner's ineffective assistance of counsel claims are both unexhausted and barred by the statute of limitations. He filed his petition more than two years after *Padilla* was handed down and three years after his conviction became final. *See* 28 U.S.C. § 2244(d)(1). He filed no state writ challenging this conviction. Therefore, neither statutory nor equitable tolling would render his federal petition timely. *See* § 2244(d)(2); *Holland v. Florida*, 130 S.Ct. 2549 (2010); *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998).

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*(signature)*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE